OPINION
{¶ 1} Defendant-appellant, Michael Cohen, was indicted on one count of kidnapping, one count of failure to comply with the order or signal of a police officer, two counts of rape, one count of domestic violence, and one count of violating a protection order while committing a felony. Cohen filed unsuccessful motions to sever the counts and *Page 2 
to dismiss the domestic violence and violating a protection order while committing a felony charges. Subsequently, the Montgomery County Common Pleas Court, upon pleas of "no contest" found Cohen guilty of failure to comply with an order or signal of a police officer, domestic violence, and one count of rape. As part of the plea agreement, the State dismissed the remaining counts. Cohen was sentenced accordingly. He now appeals.
 Assignment of Error No. 1 "THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE."
 Assignment of Error No. 2 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS DOMESTIC VIOLENCE CHARGES ON GROUNDS THAT REVISED CODE SECTION 2919.25 IS UNCONSTITUTIONAL AS APPLIED TO COHABITATING PARTNERS."
 {¶ 2} Cohen's first two assignments of error are conjoined, and we address them together. These assigned errors question the reach and scope of R.C. § 2921.25(A) as applied to non-married persons living together as spouses, and the recent Ohio Constitutional Amendment, Art. XV, Section 11, identified as the "Defense of Marriage Amendment" to the Ohio Constitution.
 {¶ 3} At a hearing on Cohen's Motion to Dismiss the domestic violence charge, the parties stipulated that Cohen and his victim, Isola Jones, were not married and had never been married. They further stipulated that Cohen and Jones had no children but that they *Page 3 
did live together. Cohen sought to have R.C. § 2921.25(A) declared unconstitutional insisting that Section 11, Article XV of the Ohio Constitution prohibits the State from extending the protections of the statute to unmarried cohabitants.
 {¶ 4} Settling a conflict among several Ohio appellate courts, the Ohio Supreme Court recently addressed this very argument. State v.Carswell, Ohio St.3d, 2007-Ohio-3723. The Court held "[t]he term `person living as a spouse' as defined in R.C. 2919.25 merely identifies a particular class of persons for the purposes of the domestic-violence statutes. It does not create or recognize a legal relationship that approximates the designs, qualities, or significance of marriage, as prohibited by Section 11, Article XV of the Ohio Constitution." Id. at syllabus.
 {¶ 5} To the extent the statute under which the defendant was charged, and to which he pled no contest, is constitutional, such plea operates as a waiver of all non-jurisdictional defects in the proceedings and an admission of the truth of the charge. Crim R. 11(B)(2); State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927.
 {¶ 6} Consistent with Carswell, supra, Cohen's first two Assignments of Error fail and are overruled.
 Assignment of Error 3 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SEVER."
 {¶ 7} Cohen claims the trial court committed prejudicial error when it refused to *Page 4 
sever the charge of failure to comply with an order or signal of a police officer from the other pending charges. He claims this charge applies to a series of events that chronologically preceded the other charges and involves facts, events, circumstances, witnesses and evidence substantially different than the other charges, and that the cumulative effect of all the evidence unfairly prejudiced him. Cohen postulates that Crim.R. 8, which authorizes joinder, must be measured against Crim.R. 14, which authorizes severance where it appears either party is prejudiced by such joinder. Finally, he maintains that the joinder of the charges violates his rights against self-incrimination contemplated in the Fifth Amendment to the U.S. Constitution, placing him in the position where it was impossible for him to testify as to one charge without subjecting himself to cross-examination as to the other charges about which he elected to remain silent.
 {¶ 8} The law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged are of the same or similar character. State v. Lott (1990), 51 Ohio St.3d 160, 163, 55 N.E.2d 293. A defendant claiming error in the trial court's refusal to allow separate trials of multiple charges has the burden of affirmatively showing that his rights were prejudiced and that the trial court abused its discretion in refusing to separate the charges for trial. State v.Purkhiser, Miami App. No. 2005 CA 34, 2006-Ohio-4014, ¶ 8. More specifically, he has the burden of furnishing the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial. Where evidence is direct and uncomplicated, the general presumption is that the jury is capable of segregating the proof on each *Page 5 
charge. State v. Brooks (1989), 44 Ohio St.3d 185, 194, 542 N.E.2d 636.
 {¶ 9} The evidence relevant to severance was that the events involved as to all of the counts took place within a period of nine (9) hours, some of which occurred while Cohen was in the jail. Moreover, all of the events involved Cohen and Jones. The trial court's finding, in overruling the motion, is supported by credible evidence and is consistent with the expectations of Crim.R. 8.
 {¶ 10} We conclude that the trial court did not abuse its discretion by overruling the motion to sever. Therefore, the third Assignment of Error is overruled.
 Assignment of Error 4 "THE TRIAL COURT ERRED IN OVERRULING THE MOTION OF THE APPELLANT TO DISMISS COUNT VI OF THE INDICTMENT"
 {¶ 11} Cohen contends that the trial court erred in overruling his motion to dismiss the charge of reckless violation of the terms of a prior protection order.
 {¶ 12} We conclude that this Assignment of Error is moot, the court having dismissed the charge as a part of the plea agreement. Therefore, the fourth Assignment of Error is overruled.
 {¶ 13} Having overruled all four Assignments of Error, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J. concur.